09-2871-ag
Dong v. Holder

BIA
Sichel, IJ
A099 023 560

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 1st day of March, two thousand ten.

PRESENT:
>  ROBERT D. SACK,
>  RICHARD C. WESLEY,
>  PETER W. HALL,
>    *Circuit Judges*.

_____

XU JIE DONG,

>                         *Petitioner*,

>        v.                                    09-2871-ag
>                                              NAC

ERIC H. HOLDER, JR.,
UNITED STATES ATTORNEY GENERAL,

>                         *Respondent*.

_____

FOR PETITIONER:          Sheema Chaudhry, New York, New York.

FOR RESPONDENT:          Tony West, Assistant Attorney General; Luis E. Perez, Senior Litigation Counsel; Briena L. Strippoli, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Xu Jie Dong, a native and citizen of the People's Republic of China, seeks review of a June 19, 2009, order of the BIA affirming the October 19, 2007, decision of Immigration Judge ("IJ") Helen J. Sichel, which denied Dong's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Xu Jie Dong,* No. A099 023 560 (BIA June 19, 2009), *aff'g* No. A099 023 560 (Immig. Ct. N.Y. City Oct. 19, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the IJ's decision including the portions not explicitly discussed by the BIA. *Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *Salimatou Bah v. Mukasey,* 529 F.3d 99, 104 (2d Cir. 2008).

Substantial evidence supports the agency's adverse credibility determination. *See Xiu Xia Lin*, 534 F.3d at 167. The IJ reasonably relied on petitioner's omission from his asylum application of any claim that he was detained and beaten on account of his resistance to China's family planning policy. Although petitioner argues that he failed to include this information in his application because he thought it was unnecessary, that argument does not compel us to find error in the IJ's decision. *Id.* Indeed, the IJ reasonably surmised that petitioner had augmented his earlier claim to fit the change in law after our decision in *Shi Liang Lin v. U.S. Department of Justice*, 494 F.3d 296 (2d Cir. 2007), particularly because both his initial asylum application and his wife's affidavit contained significant amounts of detail about other aspects of his claim. *See Cheng Tong Wang v. Gonzales*, 449 F.3d 451, 453 (2d Cir. 2006) (finding that the applicant's omission of his wife's forced sterilization was material to the applicant's claim irrespective of the fact that it occurred at a time when that sterilization would not have been, on its own,

2

sufficient to establish asylum eligibility, because the basis for the applicant's original asylum claim was his opposition to China's family planning policy).  Accordingly, the IJ's adverse credibility determination was supported by substantial evidence.  *See* 8 U.S.C. §§ 1158(b)(1)(B)(iii), 1252(b)(4)(B).

Because petitioner's claims were all based on the same factual predicate, the agency's denial of his application for asylum, withholding of removal, and CAT relief was proper.  *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3